IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THOMAS JOHN DESALVO, II,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE OF ALASKA and ALASKA ATTORNEY GENERAL TREG TAYLOR,<br><br>    Respondents. | Case No. 3:24-cv-00281-SLG |

## ORDER OF DISMISSAL

On December 19, 2024, Thomas John Desalvo, II, a self-represented prisoner, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 ("Section 2254").[1] On December 31, 2024, Mr. Desalvo filed an application to waive prepayment of the filing fee and a copy of his prison account statement for the six-months prior to filing the Petition. Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice[2] of Mr. Desalvo's underlying criminal conviction in *State of Alaska vs. Desalvo II, Thomas*

---

[1] Docket 1.

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

*John,* Case No. 3PA-23-02562CR.[3] On August 30, 2024, Mr. Desalvo was found guilty and convicted on two Class C felony charges after a jury trial.[4] He was also convicted on a misdemeanor charge for violating a condition of his felony release after a no contest plea.[5] Mr. Desalvo claims he was unable to file an appeal in his state criminal case because DOC did not allow him to use the library, did not provide him with copies of the U.S. Constitution or the Rules of Criminal Procedure, and prevented him from filing any motions or appeals.[6] For relief, Mr. Desalvo seeks immediate release from custody and dismissal of all charges.[7]

## SCREENING REQUIREMENT

Under Rule 4 of the Rules Governing Section 2254 Cases, a federal court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. A court must dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[8] Rule 4 permits summary dismissal of "claims that are clearly

---

[3] The docket records of the Alaska Trial Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[4] *State vs. Desalvo,* Case No. 3PA-23-02562CR, Party Charge Information (Charge 1: AS11.46.360(a)(1): Vehicle Theft 1-Take Veh, Air or Wtrcrft: Guilty After Trial; Charge 2: AS11.41.220(a)(1)(A): Assault 3- Cause Fear of Injury w/ Weap: Guilty After Trial).

[5] *Id.* (Charge 3: AS11.56.757(a)(misdA): Violate Condition of Release for Felony).

[6] Docket 1 at 7-8.

[7] Docket 1 at 15.

[8] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Case No. 3:24-cv-00281-SLG, *Desalvo v. SOA and Taylor*
Order of Dismissal
Page 2 of 6
Case 3:24-cv-00281-SLG    Document 4    Filed 02/10/25    Page 2 of 6

not cognizable[,]"[9] such as where the allegations in the petition are "vague," "conclusory," "palpably incredible," or "patently frivolous or false."[10] Additionally, "a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition."[11] A petition is "facially defective" and warrants summary dismissal when the petition "on its face reveals a procedural default,"[12] or if "state remedies have not been exhausted as to any of the federal claims,"[13] or if the petition, on its face, reveals that it is untimely.[14]

Because a state court prisoner must fully exhaust all state remedies before proceeding in federal court, it plainly appears that Mr. Desalvo is not entitled to habeas relief pursuant to Section 2254 at this time. Therefore, the Petition must be dismissed without prejudice to refiling after Mr. Desalvo has exhausted his available state remedies for each claim he intends to raise in a federal habeas petition.

---

[9] *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017).

[10] *Blackledge*, 431 U.S. at 75–76. *See also Hendricks v. Vasquez,* 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

[11] Advisory Cmte. Note to R. 4.

[12] *Boyd v. Thompson,* 147 F.3d 1124, 1128 (9th Cir. 1998).

[13] *O'Bremski v. Maass*, 915 F.2d 418, 421 (9th Cir. 1990) (emphasis omitted).

[14] *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

Case No. 3:24-cv-00281-SLG, *Desalvo v. SOA and Taylor*
Order of Dismissal
Page 3 of 6
Case 3:24-cv-00281-SLG   Document 4   Filed 02/10/25   Page 3 of 6

## DISCUSSION

### I. The Petition Names Improper Respondents

The proper respondent in a proceeding governed by Section 2254 is the custodian of the facility where the petitioner is held, such as the superintendent.[15] Additionally, the State of Alaska and the Alaska Attorney General are immune from suit and may not be named in a habeas petition or in a civil rights action under 42 U.S.C. § 1983 ("Section 1983").[16]

### II. Exhaustion of State Remedies

Petitions filed under Section 2254 must meet strict procedural requirements, including proper exhaustion of state remedies before a petition may be filed in federal court.[17] To satisfy the exhaustion requirement, a habeas petitioner must have "fairly presented" his federal claims by describing both the federal legal theory and the operative facts on which each ground for relief is based to each appropriate state court for review, including a state supreme court with powers of discretionary review.[18] In other words, proper exhaustion requires a petitioner to "give the state

---

[15] *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[16] *See* U. S. Const. amend. XI (limiting the ability of federal courts to hear lawsuits against states); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (holding criminal prosecutors are immune from liability "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and in presenting" a case against a criminal defendant).

[17] 28 U.S.C. §§ 2254(b)(1), (c).

[18] *See Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the

Case No. 3:24-cv-00281-SLG, *Desalvo v. SOA and Taylor*
Order of Dismissal
Page 4 of 6
Case 3:24-cv-00281-SLG    Document 4    Filed 02/10/25    Page 4 of 6

courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[19]

In Alaska, this means that federal claims must first be presented to the Alaska Superior Court. If the petitioner disagrees with that result, the claims must then be raised on direct appeal to the Alaska Court of Appeals, and if he disagrees with that result, the claims must be raised in a petition for hearing to the Alaska Supreme Court.[20] This same process also applies to post-conviction proceedings by the Alaska Superior Court and review of any post-conviction decision by the Alaska Court of Appeals and the Alaska Supreme Court.[21]

Mr. Desalvo admits he has not exhausted his state court remedies.[22] Although he claims he was prevented from accessing the courts, he has not explained why he was able to file this claim in federal court but unable to file any motions, appeals, or cases in state court. As explained above, a prisoner may not bring his claims in a federal habeas petition before he exhausts those claims in state court.

---

petitioner to relief.").

[19] *Date v. Schriro*, 619 F. Supp. 2d 736, 762 (D. Ariz. 2008) (quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999)).

[20] *See O'Sullivan v. Boerkel*, 526 U.S. 828, 845. In Alaska, a criminal defendant may request discretionary review by the Alaska Supreme Court. *See* Alaska Statutes §§ 22.05.010, 22.07.020, and 22.07.030; Alaska Rules of Appellate Procedure 215, 301, and 302.

[21] *See* 28 U.S.C. § 2254(c); see also *O'Sullivan*, 526 U.S. at 844-45. *See generally* Alaska R. Crim. P. 35.1.

[22] Docket 1 at 4.

Case No. 3:24-cv-00281-SLG, *Desalvo v. SOA and Taylor*
Order of Dismissal
Page 5 of 6
Case 3:24-cv-00281-SLG   Document 4   Filed 02/10/25   Page 5 of 6

**IT IS THEREFORE ORDERED**:

1. The Petition is **DISMISSED without prejudice**.

2. All pending motions are **DENIED as moot**.

3. The Clerk is directed to enter a final judgment and close this case.

4. A Certificate of Appealability shall not issue.[23]

DATED this 10th of February, at Anchorage, Alaska.

                                */s/ Sharon L. Gleason*
                                SHARON L. GLEASON
                                UNITED STATES DISTRICT JUDGE

---

[23] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 3:24-cv-00281-SLG, *Desalvo v. SOA and Taylor*
Order of Dismissal
Page 6 of 6
Case 3:24-cv-00281-SLG     Document 4     Filed 02/10/25     Page 6 of 6